# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ANTUAN WILLIAMS**  **PLAINTIFF**
**ADC #151064**

V.  NO. 4:25-cv-00128-BRW-ERE

**LATASHIA TAYLOR**  **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.  Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.  Background:**

On February 12, 2025, *pro se* plaintiff Antuan Williams, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc 1*. Mr. Williams' complaint alleges that, on January 13, 2025, Lieutenant Latashia Taylor was deliberately indifferent to his safety by: (1) placing him in an unsanitary shower for several hours; and (2) forcing him to eat a meal in the alleged

unconstitutional conditions. Mr. Williams sues Lieutenant Taylor in both her individual and official capacities seeking monetary damages.

The Court now recommends that Mr. Williams' conditions of confinement claims against Lieutenant Taylor be DISMISSED, without prejudice, for failure to state a plausible constitutional claim for relief.

### III.   Discussion:

   A.   Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Williams has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of

undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

### B.   Conditions of Confinement Claim

To move forward on an inhumane conditions of confinement claim, Mr. Williams must allege facts which, taken as true, support a reasonable inference that he suffered a serious deprivation of "the minimal civilized measure of life's necessities" and the "offending conduct [was] wanton." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz*, 382, F.3d 870, 875 (8th Cir. 2004) (citations and quotation marks omitted).

Mr. Williams' complaint fails to allege facts suggesting that Lieutenant Taylor either: (1) denied him any of life's necessities; or (2) disregarded an excessive risk to his health or safety. Mr. Williams' allegations regarding unpleasant conditions of his confinement for several hours on one day fall short of alleging that he suffered an extreme deprivation violating his constitutional rights. See *Goldman v. Forbus*, 17 Fed. Appx. 487, 488 (8th Cir. 2001) (unpublished opinion) (six nights sleeping

3

on the floor and being sprinkled with urine was not a constitutional violation); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963-64 (8th Cir. 1995) (no constitutional violation where inmate was in strip cell for two days without clothing, bedding, or running water, with a concrete slab for a bed, and cold air blowing on him); and *Pillow v. Ryals*, 2020 WL 6445917, *3 (E.D. Ark. Nov. 3, 2020) ("six-day exposure to disgusting smells from an overflowing toilet, twenty-nine days without hot water in the sinks in his cell, exposure to water into his bunk from a leaking window when it rained, which required him to occasionally sleep on the floor, and a leaking sink" failed to establish a constitutional violation).

**IV.** **Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Williams' complaint should be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be directed to close this case.

Dated 5 March 2025.

_____
UNITED STATES MAGISTRATE JUDGE